IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>-vs-<br><br>OHIO DEPARTMENT OF MEDICAID, CAROL THOMPSON, LINDA BEATTY, NANCY MCKEE, SUSAN FITZHUGH, JAMES M. KOPPIN, SR., Individually and as Executor of the Estate of Erma Koppin, DAVID KOPPIN, GARY KOPPIN, SCOTT KOPPIN and LEE KOPPIN,<br><br>    Defendants. | CASE NO. 3:17-cv-00312-TMR<br><br>**ORDER ON STIPULATION OF THE PARTIES FOR AN ORDER OF DISCHARGE, DISTRIBUTION OF FUNDS AND DISMISSAL WITH PREJUDICE** |

   The Stipulation by and between plaintiff AMERICAN GENERAL LIFE INSURANCE COMPANY, ("American General"), and defendants OHIO DEPARTMENT OF MEDICAID, CAROL THOMPSON, LINDA BEATTY, NANCY MCKEE, SUSAN FITZHUGH, JAMES M. KOPPIN, SR., Individually and as Executor of the Estate of Erma Koppin, DAVID KOPPIN, GARY KOPPIN, SCOTT KOPPIN and LEE KOPPIN, (hereinafter, defendants Ohio Department of Medicaid, Carol Thompson, James Koppin, Sr., David Koppin, Linda Beatty, Susan Fitzhugh, Nancy McKee, Gary Koppin, Scott Koppin and Lee Koppin collectively referred to as "Defendants") and (hereinafter American General and all defendants referred to collectively as "the Parties"), came before this Court in due course:

   Having considered the Stipulation:

   **IT IS HEREBY ORDERED AND DETERMINED:**

1

1. That, on or about January 5, 2011, Erma Koppin ("Decedent"), applied for a Single Premium Immediate Annuity issued by Western National Life Insurance Company (later merged into American General), and designated designated her nine children, defendants Carol Thompson, James Koppin, Sr., David Koppin, Linda Beatty, Susan Fitzhugh, Nancy McKee, Gary Koppin, Scott Koppin and Lee Koppin as beneficiaries.

2. That, American General issued the annuity no. xxxx592[1] ("the Annuity"), with an effective date of January 5, 2011 and a single premium of $110,000.00, providing for monthly payments of $1,018. commencing on February 1, 2011 and ending on January 1, 2021;

3. That, Decedent died on or about December 30, 2016.

4. That, at the time of Decedent' death, American General had disbursed 73 monthly payments from February 1, 2011 through February 1, 2017 and that 47 monthly payments remain;

5. That, following Decedent's death, American General received a letter from the Office of the Ohio Attorney General on behalf of the Ohio Department of Medicaid dated April 17, 2017, on the Annuity up to the amount of $47,431.35 for medical care provided to Decedent prior to her death;

6. That, on or about October 26, 2017, counsel for the Ohio Department of Medicaid provided counsel for American General with a Recipient Detail Report for Decedent reflecting a total amount of $50,286.26 expended by the Ohio Department of Medicaid for Decedent's care;

7. That, defendants James M. Koppin, Sr., Carol Thompson, Linda Beatty, Lee Koppin, Susan Fitzhugh, David Koppin, Nancy McKee, Gary Koppin and Scott Koppin submitted their claims for the death benefit;

---

[1] To protect the integrity of the Annuity, the first four digits have been redacted. Should the Court wish to view the entire contract number, American General will provide same for the Court's *in camera* review.

2

8. That, on June 19, 2017, American General wrote to defendants Carol Thompson, Linda Beatty, Nancy McKee, Susan Fitzhugh, James M. Koppin, Sr., David Koppin, Gary Koppin, Scott Koppin and Lee Koppin and informed them that the Ohio Department of Medicaid had also asserted a claim against the Annuity proceeds;

9. That, by reason of the Decedent's death, pursuant to the terms and conditions of the Annuity, the remaining Annuity payments became due and owing on a monthly basis to the beneficiaries through January 1, 2021;

10. That, American General is, and at all time mentioned in this Complaint has been, ready, willing, and able, to pay death benefit to the person or persons legally entitled thereto. However, by virtue of the fact that the Ohio Department of Medicaid made a claim to the death benefit to cover the amount of the care provided to Decedent prior to her death, and the fact that Decedent's nine children made a claim to the death benefit, there are actual conflicting claims relating to the proceeds under the Annuity and American General could not determine who was entitled to the proceeds;

11. That, American General claims no interest in the death benefit or any part thereof, other than as a mere stakeholder of those proceeds, and as a result of the potential conflicting, but apparently potentially valid claims, is indifferent as to which person should receive the Annuity's proceeds;

12. That, on September 6, 2017, American General filed its Complaint in Interpleader and Declaratory Relief and stated a proper cause for interpleader in good faith and without collusion with any of the parties hereto to resolve all disputes over the death benefit;

13. That, as of the date of filing this Stipulation, no defendant has made an appearance in this action;

14. That, American General had no other means of protecting itself from the vexation of duplicative claims and therefore was entitled to interplead the death benefit and to obtain judgment of this Court releasing American General from further participation in this matter;

15. That, this Court has jurisdiction of this interpleader matter and that all defendants consent to the personal jurisdiction of this Court;

16. That, defendants Carol Thompson, James Koppin, Sr., David Koppin, Linda Beatty, Susan Fitzhugh, Nancy McKee, Gary Koppin, Scott Koppin, and Lee Koppin agree that the Ohio Department of Medicaid is entitled to receive the remaining monthly annuity payments and that all remaining monthly annuity payments shall be paid to the Ohio Department of Medicaid to satisfy the costs of care which the Ohio Department of Medicaid provided to Decedent;

17. That, the tax consequences of distributing the death benefit, if any there be, shall not be the responsibility of American General;

18. That, having brought the action, American General is hereby discharged from any and all liability to Defendants as well as their heirs, successors, assigns, representatives, agents and/or anyone purporting to act on their behalf, based upon and/or with respect to the terms of the Annuity, the benefits payable under the Annuity, the death of Decedent and/or Defendants' respective claims for the death benefit;

19. That, Defendants and their heirs, successors, assigns, representatives, agents and/or anyone purporting to act on their behalf, are hereby permanently restrained and/or prohibited from instituting or prosecuting any proceeding in any state court, United States Court or administrative tribunal against American General based upon and/or with respect to the terms of the Annuity, the benefits payable under the Annuity, their claim for the proceeds payable under the Annuity, and American General's handling of the Annuity, administration of the Annuity, or its handling of the claims for the death benefit under the Annuity;

20. That, this matter is hereby dismissed in its entirety with prejudice; and

21. That, all parties are to bear their own fees and costs with respect to the litigation of this action, including this Stipulation of Discharge, Distribution of Funds and Dismissal with Prejudice.

Dated:   March 2, 2018

By:   s/Thomas M. Rose
Hon. Thomas M. Rose
United States District Judge

1893289v.1